IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-md-2724 |
| *IN RE: CLOBETASOL CASES* | DPP CASE 16-CB-27241<br>EPP CASE: 16-CB-27242 |
| *IN RE: CLOMIPRAMINE CASES* | DPP CASE 16-CM-27241<br>EPP CASE: 16-CM-27242 |
| **THIS DOCUMENT APPLIES TO:**<br>*EPP AND DPP BELLWETHER ACTIONS* | |

# ORDER

The Court referred Bellwether Plaintiffs' Motion to Establish a Protocol Regarding any Further Testimony of Witnesses who Previously Asserted the Fifth Amendment Privilege Against Self-Incrimination to Special Discovery Master Lawrence F. Stengel for a Report and Recommendation ("R&R").[1] Mylan has filed objections to the R&R.[2] After careful consideration of the R&R and the objections, the Court will overrule the objections and approve the R&R as modified below.

Bellwether Plaintiffs in the clobetasol and clomipramine bellwether trial cases, End-Payers ("EPPs") and Direct Purchasers ("DPPs"), filed the Motion to establish a protocol with regard to witnesses who asserted the Fifth Amendment right against self-incrimination during initial depositions but who may decide to waive that privilege and testify at trial. The Bellwether Plaintiffs argue that a formal protocol for those witnesses at this stage in the litigation would prevent prejudice to the plaintiffs' trial preparation and strategy should witnesses choose to

---

[1] Pretrial Order No. 293 [MDL Doc. No. 3262].

[2] Bellwether Defs' Obj. [MDL Doc. No. 3320].

revoke the invocation of their Fifth Amendment rights on the eve of trial.[3] A formal protocol, they argue, will allow the parties to conduct second depositions of witnesses who choose to testify at trial in May 2025 with sufficient notice and preparation before the scheduled bellwether trials in August 2025.[4] Certain Defendants objected to a formal protocol and argue that the witnesses—who are not parties to this litigation—should not be forced to make a decision regarding their Fifth Amendment rights on the Bellwether Plaintiffs' timeline.[5] The parties briefed their positions and conducted oral argument before the Special Discovery Master on March 18, 2025.

Considering all circumstances, Special Master Stengel recommended that the Court institute a formal protocol to address such witness testimony.[6] Specifically, the R&R proposed that:

   a. "On or before April 14, 2025, the Bellwether Defendants shall inform End-Payer Plaintiffs and Direct Purchaser Plaintiffs whether they intend to seek live testimony at trial from any witness who invoked the Fifth Amendment privilege earlier in these proceedings ("Fifth Amendment Witness");
   b. To the extent that a Defendant identifies a Fifth Amendment Witness by April 14, 2025, the parties shall meet and confer to prioritize and schedule depositions of witnesses related to the Clobetasol bellwether trial. Any Clobetasol-witness-related depositions should then be conducted as soon as practicable, at a time and place convenient for the parties, but no later than May 30, 2025;
   c. To the extent that a Defendant identifies a Fifth Amendment Witness by April 14, 2025, and that witness is a Clomipramine-related witness, the parties shall also promptly meet and confer to discuss and identify dates and times for the scheduling of such depositions; however, such depositions shall not begin until after the District Court has determined whether the initial bellwether trial will be Clobetasol or [Cl]omipramine-related;

---

[3] *See* Bellwether Pls.' Mot. Establish Protocol Regarding Further Test. Witnesses Previously Asserted Fifth Amend. Priv. Against Self-Incrimination, 16-CB-27242 [Doc. No. 448].

[4] *Id*. at 1-2.

[5] See Bellwether Defs.' Opp'n Bellwether Pls.' Mot. Establish Protocol Regarding Further Test. Witnesses Previously Asserted Fifth Amend. Priv. Against Self-Incrimination 16-CB-27242 [Doc. No. 452].

[6] *See* R&R at 8 [MDL Doc. No. 3302].

2

    d.  If the District Court determines that the initial bellwether trial will be [Cl]omipramine-related, then any deposition of a Fifth Amendment Witness shall be completed by May 30, 2025;

    e.  If the District Court determines that the initial bellwether trial will be Clobetasol related, then any deposition of a Clobetasol-related Fifth Amendment Witness shall be completed by May 30, 2025;

    f.  If the District Court determines that the initial bellwether trial will be Clobetasol related, then any deposition of a Clomipramine-related Fifth Amendment Witness need not be completed by May 30, 2025. Instead, the parties shall meet and confer to determine a deadline for depositions of Clomipramine-related Fifth Amendment Witnesses where such deadline is four months prior to the date set for the Clomipramine bellwether trial.

    g.  To the extent that a Defendant does not identify a particular Fifth Amendment Witness as a potential trial witness by April 14, 2025, the Defendant is precluded from calling that witness to testify live at trial; and

    h.  To the extent that a Fifth Amendment Witness is not timely deposed under the terms set forth above, Defendants are prohibited from calling such Fifth Amendment Witness to testify live at trial. However, the parties may seek to admit at trial testimony from the first deposition of the Fifth Amendment Witness."[7]

On April 7, 2025, Defendant Mylan filed objections to the R&R.[8] In its objections, Mylan argues that this proposal, despite staggering the deadlines for identification and deposition of witnesses, nonetheless prejudices Defendants.[9] Mylan argues that the protocol undermines the rights of the parties and witnesses, and is one-sided because it bars only the Bellwether Defendants from calling witnesses who have not indicated their intention to testify by the deadline.[10] Mylan also argues that the protocol is contrary to established law on Fifth Amendment invocations that a party may withdraw an invocation so long as it is not being used in an abusive manner and the party opposing withdrawal will not experience undue prejudice.[11]

---

[7] *Id*. at 8-9.

[8] Bellwether Defs' Obj. R&R [MDL Doc. No. 3320].

[9] *Id*. at 2-3.

[10] *Id*. at 5.

[11] *Id*. at 7 (citing *S.E.C. v. Graystone Nash, Inc.,* 25 F.3d 187, 192 (3d Cir. 1994); *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (10th Cir. 2012)).

Further, Mylan contends that the Court's inquiry into this question should be individualized for each potential witness.[12] Finally, Mylan argues that the Bellwether Plaintiffs are not prejudiced without the protocol because courts often allow witnesses to withdraw their Fifth Amendment invocations shortly before trial.[13]

Mylan takes the position that there should be no deadlines imposed on the potential testimony of Fifth Amendment Witnesses until (1) the parties receive clarification on the sequence and timing of the bellwether trials; (2) the Third Circuit decides whether to grant the Bellwether Defendants' 23(f) petitions; and (3) the pending motions for summary judgment are decided.[14]

The Third Circuit has explained that "[i]n a civil trial, a party's invocation of the privilege may be proper, but it does not take place in a vacuum; the rights of the other litigant are entitled to consideration as well," including the potential disadvantage to an adverse party where a witness chooses to revoke their invocation "on the eve of trial."[15] Further, a "trial court must carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side."[16]

The Court agrees that further direction is appropriate in this case. Fifth Amendment witnesses may choose to rest on the invocations in their depositions, but should they choose to

---

[12] *Id.* at 8.

[13] *Id.* at 11.

[14] Bellwether Defs' Obj. R&R [MDL Doc. No. 3320] at 3-4.

[15] *Graystone Nash, Inc.,* 25 F.3d at 191.

[16] *Id.* at 192.

waive those privileges, the Court agrees that a protocol can avoid unnecessary prejudice to the plaintiffs on the eve of trial. Mylan argues that this approach is unusual, and that no rule dictates the manner in which trial courts can, in their broad discretion, fashion remedies for discovery.[17] Both parties must complete a significant undertaking to prepare for bellwether trials that are expected to commence August 4, 2025. Any unexpected disruption could put their trial plans and strategy into disarray and, should any witness decide to waive their Fifth Amendment privilege, both parties would need to mobilize to prepare multi-day depositions. Here, the Court weighs the witnesses' privilege against the importance—to each party—for full and equal discovery.[18]

Some modifications to the protocol in the R&R are appropriate. In light of Mylan's objection that the protocol would prohibit only Defendants from calling parties at trial in certain circumstances, the Court amends the protocol to specify that "the Parties," rather than "Defendants," may not call a revoking witness if that witness is not timely deposed.[19] With regard to Mylan's argument that individualized assessment of each witness is necessary to avoid prejudice, the Court amends the protocol to direct parties to seek review of those issues, as to each witness, if necessary, with Special Discovery Master Stengel.

As the sequence and timing of the bellwether trials have just been finalized, the Court will modify the R&R as follows:

a. On or before May 15, 2025, the Bellwether Defendants shall inform End-Payer Plaintiffs and Direct Purchaser Plaintiffs whether they intend to seek testimony at trial from any witness who invoked the Fifth Amendment privilege earlier in these proceedings ("Fifth Amendment Witness");
b. To the extent that a Defendant identifies a Fifth Amendment Witness by May 15, 2025, the parties shall meet and confer to prioritize and schedule depositions of witnesses

---

[17] *Id.*

[18] *Id.* at 191.

[19] Plaintiffs do not oppose this modification. Pls.' Joint Resp. Defs.' Objs. at 3n.4 [MDL Doc. No. 3344].

5

    related to the Clobetasol bellwether trial. Any Clobetasol-witness-related depositions should then be conducted as soon as practicable, at a time and place convenient for the parties, but no later than June 15, 2025;

c. To the extent that a Defendant identifies a Fifth Amendment Witness by May 15, 2025, and that witness is a Clomipramine-related witness, the parties shall also promptly meet and confer to discuss and identify dates and times for the scheduling of such depositions;

d. Because the initial bellwether trial will be EPPs' Clobetasol case, any deposition of a Clobetasol-related Fifth Amendment Witness shall be completed by June 15, 2025;

e. A deposition of a Clomipramine-related Fifth Amendment Witness need not be completed by June 15, 2025. Instead, the parties shall meet and confer to determine a deadline for depositions of Clomipramine-related Fifth Amendment Witnesses where such deadline is two months prior to the date set for the Clomipramine bellwether trial.

f. To the extent that a Defendant does not identify a particular Fifth Amendment Witness as a potential trial witness by May 15, 2025, the Defendant is precluded from calling that witness to testify at trial; and

g. To the extent that a Fifth Amendment Witness is not timely deposed under the terms set forth above, the Parties are prohibited from calling such Fifth Amendment Witness to testify at trial. However, the parties may seek to admit at trial testimony from the first deposition of the Fifth Amendment Witness.

h. To the extent that either Party believes that revocation of a witness's Fifth Amendment invocation will raise issues of prejudice, the Party will present that issue to Special Discovery Master Stengel, who will be charged with the responsibility of determining prejudice to any party or witness.

    **AND NOW**, this 23 day of April 2025, upon consideration of Bellwether Plaintiffs' Motion to Establish a Protocol Regarding any Further Testimony of Witnesses who Previously Asserted the Fifth Amendment Privilege Against Self-Incrimination [16-CM-27241: Doc. No. 171; 16-CB-27241: Doc. No. 234; 16-CM-27242: Doc. No. 365; 16-CB-27242: Doc. No. 448] and upon consideration of the Report and Recommendation of Special Discovery Master Lawrence F. Stengel [MDL Doc. No. 3302] and the objections thereto, it is hereby **ORDERED** that the objections to the R&R are **OVERRULED,** the R&R is **APPROVED** and **ADOPTED** as amended, and the Motion is **GRANTED** as set forth above.

    It is so **ORDERED**.

                                                                     **BY THE COURT:**

                    **/s/ Cynthia M. Rufe**
                    **CYNTHIA M. RUFE, J.**